IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re <br><br> ~~Quincy Street Townhomes I LLC,~~ <br><br> ~~Potomac Construction Flats LLC, and~~ <br><br> Quincy Street Townhomes II LLC, <br><br> ~~Debtors.~~ Debtor. | Case ~~Nos~~No. 19-~~00826 (SMT)~~ <br><br> ~~19-00825 (SMT)~~ <br><br> ~~19-~~00827 (~~SMT)~~ ELG) <br><br> Chapter 11 <br><br> ~~(Jointly Administered Under~~ <br> ~~Case No. 19-00826)~~ |

**First Amended** Plan of Liquidation for Debtor Quincy Street Townhomes II LLC ~~(Case No. 19-00827)~~, Proposed by Creditor ACF Holding DE LLC
(Dated ~~August 26,~~ October 16, 2020)

Mary Joanne Dowd, DC Bar No. 400276
Arent Fox LLP
1717 K Street, NW
Washington, DC 20036-5342
Telephone: (202) 857-6059
Facsimile: (202) 857-6395
Email: mary.dowd@arentfox.com
*Counsel for Plan Proponent ACF Holding DE LLC*

ACF Holding DE LLC ("**ACF**" or the "**Plan Proponent**") proposes the following Plan of Liquidation under Chapter 11 of the Bankruptcy Code for Debtor Quincy Street Townhomes II LLC, dated August 26, 2020.

## Overview

The Plan is proposed by ACF, the Debtor's largest Creditor and the Holder of Allowed Claims secured by Liens on substantially all of the Debtor's Assets. The Plan provides for the sale and assignment to ACF of the Debtor's Real Property and Permits and Approvals, free and clear of Liens and Claims, and for Cash contributions by ACF. The Plan grants ACF authority to litigate and resolve objections to Claims, Avoidance Actions and Causes of Action, and to make Distributions under the Plan. The Plan is supported by the Debtor. Upon confirmation by the Court, the Plan will be legally binding on the Debtor, Creditors, Interest Holders and other parties-in-interest.

All parties are urged to read the entire Plan and Disclosure Statement, including exhibits, and to consult their respective counsel, accountants and business advisors in order to fully understand the Plan before voting to accept or reject the Plan.

### ARTICLE 1
### DEFINITIONS AND CONSTRUCTION

1.1    For purposes of the Plan all capitalized terms not otherwise defined have the meanings ascribed to them in this Article. Any terms used in the Plan but not defined in the Plan, have the meaning ascribed to them in the Bankruptcy Code or Bankruptcy Rules.

1.2    In this Article:

**Administrative Expense Claim**. A Claim, including a Professional Fee Claim, entitled to payment as an administrative expense under §503(b) of the Bankruptcy Code and entitled to priority under §507(a)(2) of the Bankruptcy Code, which Claim must be filed by the Administrative Claim Bar Date.

**Administrative Expense Claim Bar Date**. For all Administrative Expense Claims, including Professional Fee Claims, the first Business Day that is 30 days after the Confirmation Date.

**Allowed**. "Allowed," with respect to any Claim other than an Administrative Expense Claim, means a Claim (i) for which a proof of claim was timely filed in the manner prescribed by the Bankruptcy Code and Court either on or before the Bar Date or, in the case of a Rejection Claim, on or before the Rejection Claim Bar Date, and to which no objection has been filed within the time set in the Plan or by the Court for making objections, or if an objection has been filed, the Claim has been allowed by Final Order, or (ii) for which no proof of claim has been timely filed but which was listed by the Debtor in its Schedules and not scheduled as disputed, contingent or unliquidated and to which no objection has been filed by the time set in the Plan or by the Court for making objections.

**Allowed Administrative Expense Claim**. Either (i) an Administrative Expense Claim, other than a Professional Fee Claim, to which no objection to allowance has been interposed before the 30th day after the Administrative Expense Claim Bar Date or, if an objection has been filed, such Claim has been Allowed by Final Order, or (ii) a Professional Fee Claim that has been Allowed.

**Allowed ACF Senior Claim**. The Claim of ACF, evidenced by the Promissory Note, dated March 13, 2017, in the original principal amount of $1,865,000.00, secured by a valid, perfected, non-avoidable, first priority Lien on the Real Property and Permits and Approvals, in the amount, as of the Petition Date, of $2,431,477.58, as itemized and documented in ACF's Proof of Claim, Case No. 19-00827, Claim 7-1.

**Allowed ACF Senior Secured Claim**. The portion of the Allowed ACF Senior Claim that is a Secured Claim (*i.e.*, the Credit Bid Consideration).

**Allowed ACF Senior Unsecured Claim.** The portion of the Allowed ACF Senior Claim that is not a Secured Claim.

**Allowed ACF Other Claims**. The Claims of ACF other than the Allowed ACF Senior Claim, as itemized and documented in ACF's Proof of Claim, Case No. 19-00827, Claim 7-1.

**Allowed ACF Unsecured Claims.** Comprises the Allowed ACF Senior Unsecured Claim and the Allowed ACF Other Claims.

**Assets**. All property that is property of the Debtor or the Debtor's estate under § 541 of the Bankruptcy Code of every kind or character, whether real or personal, whether tangible or intangible, whether such property exists now or arises or is acquired in the future, and, in the case of tangible property, wherever located. The Assets includes, for example, the Real Property, Permits and Approvals, all Cash, Causes of Action and Avoidance Actions and all proceeds or recoveries on Causes of Action and Avoidance Actions.

**Avoidance Actions**. Any and all rights to avoid or recover transfers under Chapter 5 of the Bankruptcy Code or applicable state law, including §§ 541, 542, 543, 545, 547, 548, 549, 550 or 553 of the Bankruptcy Code, to avoid any lien under § 506(d) of the Bankruptcy Code, or otherwise to exercise the avoidance powers provided under the Bankruptcy Code.

**Ballot**. The ballot distributed to each Creditor eligible to vote on the Plan, on which ballot such Creditor may vote to accept or reject the Plan.

**Bankruptcy Code**. Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., as applicable to the Bankruptcy Case.

**Bankruptcy Case**. The Debtor's bankruptcy case filed under Chapter 11 of the Bankruptcy Code on the Petition Date.

**Bankruptcy Rules**. The Federal Rules of Bankruptcy Procedure and the Local Rules of the Court.

**Bar Date**. May 4, 2020 with respect to all Claims other than (i) Administrative Expense Claims, (ii) Claims subject to the Governmental Claims Bar Date and (ii) Rejection Claims.

**Business Day**. A day other than a Saturday, Sunday or "legal holiday" as that term is defined in Bankruptcy Rule 9006(a)(6).

**Cash.** Lawful currency of the United States, including bank deposits, checks representing good funds and other similar items.

**Cash Consideration**. That portion of the Property Purchase Price paid in Cash (i.e., the Cash contributed by ACF pursuant to Articles 3, 4.1 and 4.2 of the Plan in amounts sufficient to pay the Allowed Administrative Expense Claims, Allowed Priority Tax Claims, Allowed Class 1 Claims, and Allowed Class 2 Claims).

**Causes of Action**. Any and all claims, causes of action, lawsuits, third-party claims, counterclaims, cross-claims and other rights of recovery, whether asserted or unasserted, known or unknown, that are held by the Debtor or the estate against any person, entity or property, arising at any time before the Effective Date, including claims against Insiders, and claims against persons that provided professional, accounting or other services to the Debtor.

**Claim**. All claims, as defined in § 101(5) of the Bankruptcy Code, against the Debtor, whether or not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured and whether or not asserted in a proof of claim or scheduled in the Schedules.

**Class**. A group of Claims or Interests that are substantially similar to each other.

**Closing**. The sale, transfer and assignment of the Debtor's Real Property and Permits and Approvals to ACF free and clear of Liens and Claims pursuant to the Plan.

**Closing Documents.** All documents necessary or appropriate to sell, transfer and assign the Real Property and Permits and Approvals to ACF, including the Deed, Bill of Sale, and Assignment of Intangibles, which will be filed in substantially final form with the Plan Supplement.

**Confirmation Date**. The date on which the Court enters the Confirmation Order.

**Confirmation Order**. The order entered by the Court confirming the Plan.

**Court**. The United States Bankruptcy Court for the District of Columbia.

**Credit Bid Consideration**. That portion of the Property Purchase Price paid by credit against the Allowed ACF Senior Secured Claim.

**Creditor**. Any Entity holding a Claim.

**Debtor**. Quincy Street Townhomes II LLC, a District of Columbia limited liability company, the debtor and debtor-in-possession in Case No. 19-00827 (SMT).

**DIP Operating Account.** The debtor-in-possession checking account.

**Disclosure Statement**. The Disclosure Statement proposed in connection with the Plan, as approved by the Court pursuant to § 1125 of the Bankruptcy Code, and as may be modified and amended, including all exhibits, supplements and attachments.

**Disputed Claim**. Any Claim that is listed in the Debtor's Schedules as disputed, unliquidated or contingent and for which a proof of claim has not been filed, or which is identified in the Disclosure Statement as being the subject of an anticipated or actual objection or Avoidance Action, or to which an objection or Avoidance Action has been filed on or before the time fixed by the Plan or the Court for making objections.

**Distribution**. A distribution to be made pursuant to the Plan.

**Distribution Account**. An account established by ACF as the Plan Administrator in a depository institution listed as an approved institution by the United States Trustee.

**Effective Date**. The first Business Day after the conditions set forth in Article 8 of the Plan have been satisfied, subject to any waiver or modification of such conditions.

**Final Order**. An order or judgment of the Court or other court having jurisdiction over any matter, provided that such order would be considered "final" for the purposes of § 158(a)(1) of Title 28 of the United States Code, but only if such order has not been reversed, stayed, or vacated, that the time to appeal, petition for certiorari or move for a new trial, re-argument, or rehearing has expired and that no appeal, petition for certiorari, or other proceeding seeking a new trial, re-argument, or rehearing is pending, or, if such an appeal, writ of certiorari, new trial, re-argument or rehearing thereof has been sought, such order or judgment appealed from or for which certiorari or re-hearing was sought, has been denied.

**Governmental Claim Bar Date**. June 15, 2020.

**Holder**. An Entity holding a Claim or Interest.

**Insider**. As defined in § 101(31) of the Bankruptcy Code.

**Interest**. The equity interests in the Debtor on the Petition Date.

**Interest Holder**. A Holder of an Interest.

**Late Filed Claim**. Any Claim not filed by the Bar Date, Governmental Claim Bar Date, Rejection Claim Bar Date or Administrative Claim Bar Date, as applicable.

**Lien**. Any lien, security interest, deed of trust, mortgage, mechanic's lien, or similar encumbrance on any portion of the Assets that secures payment of a Claim and is valid, perfected and enforceable under applicable non-bankruptcy law.

**Mechanic's Lien Claim**. A Claim that qualifies as a mechanic's lien under applicable District of Columbia law.

**Permits and Approvals**. Comprises all District of Columbia government approvals, such as licenses, registrations, plan approvals, permits and easements issued to or owned by the Debtor or any general contractor acting on behalf of the Debtor with respect to the construction or development of the Real Property.

**Petition Date**. December 16, 2019, the date on which the Debtor filed its Chapter 11 petition with the Court.

**Plan.** The Plan of Liquidation proposed by the Plan Proponent, ACF Holding DE LLC, dated August 26, 2020, including as it may be amended or modified from time to time.

**Plan Administration Expenses**. The expenses and fees incurred in connection with the administration of the Plan, including but not limited to, out of pocket expenses of the Plan Administrator, fees of professionals employed by the Plan Administrator and quarterly fees due to the United States Trustee.

**Plan Administrator**. The Plan Proponent will serve as the Plan Administrator.

**Plan Proponent.** ACF Holding DE LLC, a Delaware limited liability company and Creditor of the Debtor.

**Priority Claim.** A Claim or portion of a Claim entitled to priority under § 507(a) of the Bankruptcy Code other than an Administrative Expense Claim or a Priority Tax Claim.

**Priority Tax Claim.** A Claim or portion of a Claim entitled to priority under § 507(a)(8) of the Bankruptcy Code.

**Professional.** Person retained pursuant to an order of the Court in accordance with § 327 or 1103 of the Bankruptcy Code, and to be compensated for services rendered before the Confirmation Date pursuant to § 327, 328, 329, 330, or 331 of the Bankruptcy Code.

**Professional Fee Claim.** A Claim under § 327, 331, 503(b), or 1103 of the Bankruptcy Code for compensation for professional services rendered or expenses incurred before the Confirmation Date.

**Professional Fee Claim Bar Date**. Thirty days after the Confirmation Date.

**Property Purchase Price.** $1,825,000.

**Pro Rata Share.** The ratio of (i) the amount of an Allowed Claim in a particular Class to (ii) the sum of (A) the aggregate amount of all Allowed Claims in that Class and (B) the aggregate amount of Disputed Claims in such Class.

**Quincy I.** Quincy Street Townhomes I LLC, a District of Columbia limited liability company and the debtor and debtor-in-possession in Case No. 19-10026 (SMT) pending in the Court and the owner of record of improved real property with an address of 431 Quincy Street, NW, Washington, DC.

**Quincy I Real Property.**  The parcel of land and appurtenant improvements and fixtures with a street address of 431 Quincy Street, NW, Washington DC, and as more particularly described in the legal description attached as Exhibit B to the Disclosure Statement.

**Quincy I Permits and Approvals**. Comprises all District of Columbia government approvals, such as licenses, registrations, plan approvals, permits and easements issued to or owned by Quincy I or any general contractor acting on behalf of Quincy I with respect to the construction or development of the Quincy I Real Property.

**Real Property**. The parcel of land and appurtenant improvements and fixtures owned by the Debtor with a street address of 429 Quincy Street, NW, Washington DC, and as more particularly described in the legal description attached as Exhibit A to the Disclosure Statement.

**Rejection Claim**. Any Claim for amounts due as a result of the rejection of an executory contract or unexpired lease that was rejected pursuant to the Plan, which Claim must be filed by the Rejection Claim Bar Date.

**Rejection Claim Bar Date**. Twenty days after the Confirmation Date.

**Sale.** The sale, transfer and assignment to ACF free and clear of Liens and Claims at the Closing in connection with and pursuant to the confirmation of the Plan of (i) good and marketable fee simple title to the Real Property, insurable by a standard ALTA owner's policy at normal rates, and (ii) the Permits and Approvals.

**Schedules.** The Debtor's schedules of assets and liabilities filed by the Debtor, including as amended through the filing of the Plan.

**Secured Claim.** The portion of a Claim secured by a Lien against any portion of the Assets to the extent of the value of the interest of the Holder of such Claim in the Debtor's interest in such Asset[s].

**Unsecured Claim.** Each Claim that is not a Secured Claim, an Administrative Claim, a Priority Claim or a Priority Tax Claim.

1.3     Whenever the context requires, references in the Plan to any person include, as appropriate, successors, transferees and assigns. If the context requires, the use of any gender will also refer to any other gender, and the use of either number will also refer to the other number. The word *including* is not exclusive; if exclusion is intended, the word *comprising* is used instead. The word *or* will be construed to mean *and/or* unless the context clearly prohibits that construction. All accounting terms not specifically defined have the meanings determined by reference to generally accepted accounting principles.

1.4     References in this Plan to any agreement, instrument or other document (including references to this Plan) include references to such agreement, instrument or other document as amended, modified, varied, supplemented or replaced from time to time in accordance with its terms, the Bankruptcy Code or the Bankruptcy Rules, as may be applicable.

## ARTICLE 2
### CLASSIFICATION OF CLAIMS AND INTERESTS

2.1   For the purpose of the Plan, Claims and Interests are divided into the following Classes. A Claim that is properly included in more than one Class is included in each such Class to the extent that it qualifies within the description of such Class.

(a)   *Unclassified Claims: Administrative Expense Claims and Priority Tax Claims.* Allowed Administrative Expense Claims and Allowed Priority Tax Claims are unimpaired and are not classified for purposes of voting on the Plan.

(b)   *Classified Claims and Interests*

*Class 1*:   Allowed Unsecured Claims entitled to priority under §507(a) of the Bankruptcy Code other than Administrative Expense Claims and Priority Tax Claims

*Class 2*:   Allowed Secured Claim for District of Columbia Real Property Taxes

*Class 3*:   Allowed ACF Senior Secured Claim

*Class 4*   Allowed ACF Unsecured Claims

*Class 5:*   Allowed Unsecured Claims (other than Class 4 Claims) including Unsecured Mechanic's Lien Claims

*Class 6*:   Allowed Interests of Potomac Development Holdings, LLC and Eric Hirshfield

## ARTICLE 3
### TREATMENT OF UNCLASSIFIED CLAIMS

3.1   *Allowed Administrative Expense Claims.*

(a)   Each Allowed Administrative Expense Claim will be paid in full in Cash as soon as practicable after the latest of (i) the Effective Date, (ii) the date it becomes an Allowed Administrative Expense Claim, and (iii) the date on which it becomes due according to its terms. A Holder of an Administrative Expense Claim may agree to less favorable treatment. An Administrative Expense Claim that is a Disputed Claim will not receive any Distribution unless and until it becomes an Allowed Administrative Expense Claim. An Administrative Expense Claim not filed by the Administrative Expense Claim Bar Date is waived and barred; the Holder is not entitled to a distribution under the Plan; and the Plan Proponent, the Debtor, the estate, and the Plan Administrator will have no obligation with respect to it.

(b)   Allowed Administrative Expense Claims will be paid from the Cash Consideration after payment of the Allowed Class 2 Claim and reserving for U.S. Trustee fees payable under 28 U.S.C. § 1930 on account of Distributions under the Plan. In the case of

— 8 —

Allowed Professional Fee Claims, the amount payable under the preceding sentence will be reduced by any retainers provided to the Professional (which the Professional will retain for application to its Allowed Professional Fee Claims).

    3.2    *Allowed Priority Tax Claims.*

    (a)    Each Allowed Priority Tax Claim will be paid in full in Cash, with interest at the federal judgment rate in effect as soon as practicable after the Effective Date. A Holder of an Allowed Priority Tax Claim may agree to less favorable treatment. A Priority Tax Claim that is a Disputed Claim will not receive any Distribution unless and until it becomes an Allowed Priority Tax Claim.

    (b)    Allowed Priority Tax Claims will be paid from the Cash Consideration after payment of the Class 2 Claim and reserving for U.S. Trustee fees payable under 28 U.S. C. § 1930 on account of Distributions under the Plan.

## ARTICLE 4
## TREATMENT OF CLASSIFIED CLAIMS AND INTERESTS

    4.1    *Class 1: Priority Claims other than Administrative Claims and Priority Tax Claims.*

    (a)    Each Allowed Class 1 Claim, if any, will be paid in full in Cash as soon as practicable after the Effective Date or, at the Plan Proponent's option, if the Class votes to accept the Plan, will be paid in deferred Cash payments, with a value, as of the Effective Date, equal to the Allowed amount of such Claim. A Holder of a Class 1 Claim may agree to less favorable treatment of such Claim. A Class 1 Claim that is a Disputed Claim or the subject of an Avoidance Action will not receive any Distribution unless and until it becomes an Allowed Claim. Allowed Class 1 Claims will be paid from the remaining Cash contributed by ACF at the Closing after payment of the Allowed Class 2 Claim and reserving for U.S. Trustee fees payable under 28 U.S. C. § 1930 on account of Distributions under the Plan.

    (b)    The Class 1 Claims are impaired and are entitled to vote for or against confirmation of the Plan.

    4.2    *Class 2: Allowed Secured Claim for District of Columbia Real Property Taxes.*

    (a)    The Allowed Class 2 Claim will be paid in full in Cash with applicable interest at the Closing, which Closing will occur as soon as practicable after the Effective Date. The Class 2 Claim will retain its Lien on the Real Property until the Closing and the Lien will be released at the Closing. The Allowed Class 2 Claim will be paid from the Cash contributed by ACF at the Closing.

    (b)    The Class 2 Claim is unimpaired and is not entitled to vote for or against confirmation of the Plan.

4.3 *Class 3: Allowed ACF Senior Secured Claim*.

(a) The Sale will occur as soon as practicable after the Effective Date. The Class 3 Claim will retain its Lien on the Real Property and Permits and Approvals until the Closing and its Lien will be released at the Closing. As a result of the Sale, good and marketable fee simple title to the Real Property, insurable at normal rates, and the Permits and Approvals, will be transferred and assigned to ACF free and clear of Liens and Claims at the Closing.

(b) The Class 3 Claim is impaired and is entitled to vote for or against confirmation of the Plan.

4.4 *Class 4: Allowed ACF Unsecured Claims.*

(a) Allowed Class 4 Claims will receive no distribution. The Allowed Class 4 Claims will continue to be a debt of the Debtor to the Holder of the Allowed Class 4 Claims for purposes of any non-debtor guaranties of the Allowed Class 4 Claims.

(b) Any Liens securing the Allowed Class 4 Claims will be released at the Closing.

(c) Class 4 is impaired and is entitled to vote for or against confirmation of the Plan.

4.5 *Class 5*: *Allowed Unsecured Claims including Unsecured Mechanic's Lien Claims.*

(a) Each Allowed Class 5 Claim will be paid its Pro Rata Share of: (i) $25,000.00, which ACF will contribute; and (ii) the recoveries (after payment of the expenses of obtaining recoveries), if any, from Avoidance Actions and Causes of Action. If a Class 5 Claim is a Disputed Claim it will not receive any Distribution unless and until it becomes an Allowed Claim. No distributions to Class 5 Claims will be made until all objections to Class 5 Claims are resolved by Final Order. The Mechanic's Lien Claims are not Secured Claims and the mechanics' liens will be released at the Closing.

(b) The Class 5 Claims are impaired and are entitled to vote for or against the confirmation of the Plan.

4.6 *Class 6: Allowed Interests in the Debtor*.

(a) Effective on the Confirmation Date and the appointment of the Plan Administrator, all governance interests (i.e., management rights) in the Debtor that the Holders of the Interests would otherwise have under the District of Columbia Uniform Limited Liability Company Act of 2010 will transfer to the Plan Administrator and the Interest Holders will thereafter have no right, title or interest to such rights. The Interest Holders will receive no Distribution on account of their economic interests in the Debtor.

(b) The Class 6 Interests are impaired and are entitled to vote for or against confirmation of the Plan.

## ARTICLE 5
## MEANS OF IMPLEMENTATION

5.1  *ACF Contribution at Closing; Transfer and Assignment of Real Property and Permits and Approvals.*

(a)  At the Closing:

(1)  ACF will contribute consideration in the aggregate amount of the Property Purchase Price in consideration of the Sale, in the following manner: the Cash Consideration and the Credit Bid Consideration**.**

(2)  The Allowed Class 2 Claim will be paid in Cash from the Cash Consideration.

(3)  Good and marketable fee simple title to the Real Property, insurable under a standard ALTA owner's policy at normal rates, and the Permits and Approvals will be transferred and assigned to ACF pursuant to the Closing Documents, free and clear of Liens and Claims, with the exemption from stamp or similar taxes afforded by § 1146(a) of the Bankruptcy Code,.

(4)  The remaining Cash Contribution after payment of the Allowed Class 2 Claim will be held by the Plan Administrator and used to pay Allowed Administrative Expense Claims, U.S. Trustee Fees due on account of Plan Distributions, Allowed Priority Tax Claims and Allowed Class I Claims.

(b)  The Court will authorize and direct the Debtor's representative and ACF, as necessary or appropriate, to execute the Closing Documents, and will authorize and direct the Debtor, ACF and Creditors to consummate and implement the Sale, including to release all Liens.

5.2  *Additional ACF Contribution for Class 5.* ACF will contribute an additional $25,000.00 to be distributed to Allowed Class 5 Claims Pro Rata. The Distribution will occur within 20 days after all of the Class 5 Claims have either (i) become Allowed Claims or (ii) been disallowed or withdrawn.

5.3  *DIP Operating Account.* As soon as practicable after the Effective Date, the Cash, if any, in the DIP Operating Account, will be transferred to the Plan Administrator and used to fund payments to Administrative Expense Claims.

5.4  *Claim Objections.* Objections to Claims must be filed on or before 30 days after the Effective Date, or such later date as is approved by the Court, and may be filed by ACF as the Plan Administrator or the Plan Proponent and may be filed as part of adversary proceeding Avoidance Actions.

  5.6 *Plan Administrator*.

   (a) The Court will approve the appointment of ACF as the Plan Administrator at the confirmation hearing.

   (b) The Plan Administrator's appointment will commence as soon as practicable after the Confirmation Date. The Plan Administrator will have authority to execute the Deed, the Assignment and Bill of Sale, and any other ancillary documents to be executed at the Closing, and will have standing and authority to object to, litigate, and, subject to Court approval, settle objections to Claims, and to sue for, litigate, and subject to Court approval, settle Avoidance Actions and Causes of Actions.

   (c) ACF will pay its expenses as Plan Administrator; if, however, the Plan Administrator incurs expenses regarding Avoidance Actions or Causes of Actions, those expenses will be paid first from recoveries of Avoidance Actions or Causes of Action.

   (d) The Plan Administrator will make the Distributions provided for by the Plan that are not made at the Closing.

   (e) The Plan Administrator will not be responsible for filing federal, state or local tax returns for the Debtor or the estate.

   (f) Upon completion of Distributions under the Plan, the Plan Administrator will file a final report of the Plan's administration and, upon Court approval thereof, be forever discharged and released from all power, duties and responsibilities under the Plan.

  5.7 *Tax Returns*. The Debtor will be responsible for filing any applicable federal, state and local tax returns for the Debtor and the estate.

## ARTICLE 6
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

  6.1 *Rejection*. All executory contracts and unexpired leases will be rejected on the Confirmation Date.

  6.2 *Claims Relating to Rejection*. Any party to an executory contract or unexpired lease that is rejected pursuant to the Plan is required to file by the Rejection Claim Bar Date a proof of claim for amounts due as a result of such rejection. Any Claim not filed by the Rejection Claim Bar Date is forever barred and is not enforceable against the estate, the Assets, the Real Property, the Plan Administrator, the Plan Proponent or the Debtor.

## ARTICLE 7
## ACCEPTANCE OR REJECTION OF PLAN

  7.1 *General*. The Holders of Allowed Claims in impaired classes will be requested to accept or reject the Plan. If any Class fails to accept the Plan by the requisite majorities in number and amount required under § 1126 of the Bankruptcy Code, the Plan Proponent will request the Court to confirm the Plan pursuant to § 1129(b) of the Bankruptcy Code.

7.2    *Voting of Claims*. Each Holder of an Allowed Claim in an impaired Class of Claims is entitled to vote to accept or reject the Plan. For purposes of calculating the number of Allowed Claims in a Class of Claims that have voted to accept or reject the Plan under § 1126(c) of the Bankruptcy Code, all Allowed Claims in such Class held by one Entity will be aggregated and treated as one Allowed Claim in such Class.

7.3    *Acceptance by a Class of Creditors*. Consistent with § 1126(c) of the Bankruptcy Code and except as provided for in § 1126(e) of the Bankruptcy Code, a Class of Creditors has accepted the Plan if it is accepted by at least two-thirds in dollar amount and more than one-half in number of the Holders of Allowed Claims of such Class that have timely filed and properly voted to accept or reject the Plan.

## ARTICLE 8
## CONDITIONS PRECEDENT TO EFFECTIVE DATE

8.1    *Conditions Precedent to Effective Date of Plan*. The occurrence of the Effective Date of the Plan is subject to the satisfaction of all of the following conditions precedent:

(a)    The Confirmation Order, in a form acceptable to the Plan Proponent, including ordering provisions authorizing the Sale to ACF, and approving the appointment of the Plan Administrator, must have been entered by the Court.

(b)    No stay of the Confirmation Order or the Sale or the appointment of the Plan Administrator must have been entered by the Court or any appellate court.

(c)    ~~The Court must have entered an order, in a form acceptable to ACF, confirming the plan proposed by ACF in the Quincy I bankruptcy case, which must include the transfer and assignment to ACF of (i) good and marketable fee simple title to the Quincy I Real Property, insurable under a standard ALTA owner's policy at normal rates, and (ii) the Permits and Approvals. Furthermore, no stay of that confirmation order must have been entered by the Court or any appellate court.(d)~~    The Debtor must indeed have good and marketable fee simple title to the Real Property, insurable under a standard ALTA owner's policy at normal rates, so that the transfer of the Real Property to ACF will satisfy the requirements of the "Sale" as defined in this Plan.

8.2    *Notice of Effective Date.* Within 15 days after the Effective Date, the Plan Proponent will file a notice of the Effective Date with the Court.

8.3    *Reservation of Rights.* If the Effective Date has not occurred on or before 60 days after the entry of the Confirmation Order, the Plan Proponent may seek to modify the Plan, including this Article 8.1.

## ARTICLE 9
## MISCELLANEOUS PROVISIONS

9.1    *No Discharge of Debtor. No Vesting of Assets in Debtor*. Pursuant to § 1141(d)(3) of the Bankruptcy Code, confirmation of the Plan will not discharge the Debtor. No Assets will re-vest in the Debtor on the Confirmation Date.

9.2     *Post-Confirmation Injunction*. From and after the Confirmation Date and except as provided by the Plan or the Confirmation Order, there will be an injunction in place with regard to actions by Creditors and Holders of Interests against the estate, the Plan Proponent, and the Plan Administrator. The injunction will remain in effect until the Bankruptcy Case is closed except as set forth in the Plan or Confirmation Order. All Holders of Claims or Interests will be enjoined by the injunction from asserting any Claim against the estate or ACF, whether or not the Holder filed a proof of claim, and will be enjoined from commencing or continuing directly or indirectly, any action or proceeding of any kind on any such Claim, and from the enforcement, attachment, collection, or recovery of such Claim by any manner or means other than as set forth in the Plan.

9.3     *Exculpation*. ~~The Plan Administrator and~~To the maximum extent permitted by applicable law, ACF, in its capacity as the Plan Proponent and the Plan Administrator, and ~~their~~its officers, directors, managers, ~~employees, affiliates, and~~ attorneys, and its employees whose duties include formulation or administration of the Plan, will not have or incur any liability to any Holder of a Claim or Interest or any counter-party to an unexpired lease or executory contract ~~or to any other Entity~~ for any act or omission in connection with the ~~Bankruptcy Case, including the~~ formulation, dissemination, or approval~~, confirmation, or administration~~ of the Plan or Disclosure Statement, the solicitation of votes for the Plan, ~~implementation~~the confirmation, consummation, or administration of the Plan, any Distributions under the Plan, or any compromises or settlements under the Plan, including, regarding objections to Claims, Avoidance Actions and Causes of Action, except for liability arising from conduct constituting willful misconduct ~~or~~, gross negligence, breach of fiduciary duty (if any), or fraud, as determined by the Court or another court of competent jurisdiction. The forgoing parties will be entitled to rely upon the advice of counsel in all respects regarding their duties and responsibilities under the Plan.

9.4     *Preservation of All Rights of Action Not Expressly Settled or Released*. Unless a claim or Cause of Action or Avoidance Action against the Debtor, a Creditor, Interest Holder or other person is expressly waived, released, compromised or settled in the Plan or any Final Order, it is expressly reserved for later enforcement by the Plan Proponent or the Plan Administrator.

9.5     *Exemption from Stamp or Transfer Taxes*. The making or delivery of an instrument of transfer under the Plan, including the Closing Documents, the Deed, the Assignment of Intangibles, and the Bill of Sale, is intended to be a tax exempt transfer pursuant to § 1146(a) of the Bankruptcy Code and therefore is not intended to be taxed under any law imposing a stamp tax or similar tax.

9.6     *Plan Governs*. To the extent that the terms of the Plan are inconsistent with the Disclosure Statement or any terms of any agreement or instrument concerning any Claim, Interest or any other matter, the terms of the Plan control.

9.7     *Taxpayer Identification*. Each Holder of a Claim is required, before any Distribution is made to such Holder, to return to the Plan Administrator an executed IRS W-9 form and such other appropriate taxpayer identification information necessary to allow the

reporting of all required tax information under applicable law. The Holder will be responsible for the payment of taxes in connection with any Distribution received.

9.8     *Subordination of Late Filed Claims*. The Bar Date for filing Claims against the Debtor has passed, other than Administrative Claims and Rejection Claims. Late Filed Claims are automatically treated as subordinated, unless and until the Court enters a Final Order allowing a Late Filed Claim.

9.9     ~~*Deemed Consent*. By submitting a Ballot or receiving a Distribution under or any benefit pursuant to the Plan and not electing to withhold consent as provided under the Plan before the Confirmation Date, or by order of the Court, each Holder of a Claim or Interest is deemed to have specifically consented to the terms of the Plan.9.10~~*Governing Law*. Except to the extent that the Bankruptcy Code or other federal law is applicable, or to the extent any document entered into in connection with the Plan so provides, the rights, duties, and obligations arising under the Plan will be governed by, and construed and enforced in accordance with the Bankruptcy Code, and, to the extent consistent with the Bankruptcy Code, the laws of the District of Columbia.

~~9.11~~9.10     *Notice*. Any notice required under the Plan must be given to:

| | |
|---|---|
| To the Plan Proponent: | Mary Joanne Dowd |
| | Arent Fox LLP |
| | 1717 K Street, N.W. |
| | Washington, DC 20036-5342 |
| | Telephone:    202-857-6059 |
| | Email:    mary.dowd@arentfox.com |
| To the Debtor: | Nelson Cohen |
| | Whiteford Taylor & Preston |
| | 111 Rockville Pike, Suite 800 |
| | Rockville, Maryland 20850 |
| | Telephone:    301-804-3618 |
| | Email:    ncohen@wtplaw.com |

## ARTICLE 10
### RETENTION OF JURISDICTION

10.1    Notwithstanding confirmation of the Plan or the Effective Date having occurred, the Court will retain jurisdiction to enforce the provisions, purposes and intent of the Plan, until the Bankruptcy Case is finally closed, including jurisdiction with respect to the following matters:

(a)    To determine the allowance or disallowance of Claims, and to subordinate or disallow in whole or in part, any Claim;

(b)    To hear and determine Avoidance Actions and Causes of Action;

(c) To hear and determine all controversies and disputes that may arise in connection with the interpretation, consummation or performance of the Plan or the Sale;

(d) To determine and allow all expenses of administration of the Bankruptcy Case;

(e) To consider any proposed modification or amendment of the Plan; and

(f) To enter any orders in aid of implementation of the Plan.

10.2 If the Court abstains from exercising, declines to exercise, or is otherwise without jurisdiction over any matter arising out of the case, the provisions of the Plan will not limit or prohibit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter.

## ARTICLE 11
### REQUEST FOR CONFIRMATION

11.1 The Plan Proponent requests confirmation of the Plan under § 1129(a) or 1129(b) of the Bankruptcy Code, as appropriate.

**Dated: ~~August 26~~, October 16, 2020**   **Plan Proponent**
                                              **ACF Holding DE LLC**
                                              **By: Artery Capital Group LLC, Manager**


                                              **By:      /s/**
                                                   Name:  Bennett H. Goldberg
                                                   Title:  Manager

/s/  Mary Joanne Dowd
Mary Joanne Dowd, DC Bar No. 400276
Arent Fox LLP
1717 K Street, NW
Washington, DC 20036-5342
Telephone: (202) 857-6059
Facsimile: (202) 857-6395
Email: mary.dowd@arentfox.com
*Counsel for ACF Holding DE LLC, Plan Proponent*